UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JUDI JACKSON,

        Plaintiff,

   v.

PLACER COUNTY, et al.,

        Defendant.

NO. CIV. S-05-0079 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants County of Placer, Richard Stout, Richard Ward, Evelyn Garrett and Brad Banner's (collectively, "defendants") motion to exclude plaintiff's experts from testifying at trial. Plaintiff opposes defendants' motion.[1] For the reasons set forth herein, defendants' motion is DENIED.

Defendants contend that the testimony of plaintiff's experts must be barred at trial because of plaintiff's failure to comply

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

with Federal Rule of Civil Procedure 26(a)(2)(B)[2] and the court's Pretrial Scheduling Order ("PSO"), issued August 18, 2005. Rule 26(a)(2)(B) provides that, except as otherwise stipulated or directed by the court, all disclosures of expert witnesses must be accompanied by a written report containing a complete statement of the expert's opinion and the facts and data relied on in forming that opinion. As set forth in the court's PSO, plaintiff was to disclose her experts no later than October 6, 2006. Defendants were to disclose their experts no later than October 20, 2006. Thereafter, both parties were given an additional thirty days to retain and disclose supplemental and responsive experts.

The PSO specified that each expert designation was to be accompanied by a written report, prepared and signed by the expert in compliance with Rule 26(a)(2)(B), and noted that failure to comply "in all likelihood will preclude that party from calling the expert witness at the time of trial." (PSO at 2.) Plaintiff filed a timely disclosure of expert witnesses on October 6, 2006; however, she merely listed the names and contact information of her experts and failed to include any reports.[3]

Defendants argue that plaintiff's experts should be excluded from trial based on plaintiff's failure to comply with Rule 26(a)(2)(B) and the PSO. They contend that plaintiff's "blanket list of names and addresses, with no identifying information as

---

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[3] Defendants filed a proper and timely disclosure of their experts, accompanied by the requisite reports, on October 20, 2006.

2

to the opinions of any, is close to useless." (Defs.' Mot. to Exclude Pl.'s Experts from Testifying at Trial ["Defs.' Mot."], filed October 20, 2006, at 4.) Be that as it may, the court is not persuaded that defendants have suffered sufficient prejudice as a result of plaintiff's improper disclosure to justify the exclusion of plaintiff's experts at trial.

The court notes that plaintiff implicitly seeks to modify the PSO pursuant to Rule 16 in order to extend time to file her expert reports. Rule 16 and the court's pretrial scheduling order allow for modifications only upon a showing of "good cause." As plaintiff notes, this is not an instance where no experts were identified at all, or where a party seeks, on the eve of trial, to present an expert not previously disclosed or deposed. Cf. Pickern v. Pier 1 Imports, Inc., 339 F. Supp. 2d 1081, 1088-89 (E.D. Cal. 2004). Rather, defendants were provided with a timely, but incomplete, disclosure of plaintiff's experts. Further, discovery in this case does not close until January 19, 2007. The court also notes that plaintiff recently substituted current counsel for her prior counsel in this matter on November 20, 2006, almost a month after her expert disclosures were due and after defendants brought this motion to exclude her experts' testimony at trial.

In light of the circumstances before it, the court modifies the PSO to allow plaintiff to promptly serve defendants with the complete reports of her designated experts, in compliance with Rule 26(a)(2)(B). Defendants will be afforded additional time to make any necessary supplemental designations in response to the reports of plaintiff's experts.

3

**CONCLUSION**

1. Defendants' motion to exclude plaintiff's experts from testifying at trial is DENIED.
2. Defendants' alternative motion to modify the Pretrial Scheduling Order of August 18, 2005 is GRANTED. The Pretrial Scheduling Order is modified as follows:
   a. Plaintiff must file and serve the reports of her designated experts no later than December 13, 2006.
   b. Defendants must file and serve any supplemental designation no later than January 29, 2007.
2. All other dates set forth in the Pretrial Scheduling Order shall remain unchanged.[4]

IT IS SO ORDERED.

DATED: December 8, 2006

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] However, the court will consider, upon a showing of good cause, any necessary motions to extend the discovery deadline beyond January 19, 2007 for the limited purpose of conducting expert depositions or discovery in light of the belated expert disclosures.