UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JUDI JACKSON,

    Plaintiff,

  v.

PLACER COUNTY, a political subdivision of the State of California, et al.,

    Defendants.

NO. CIV. S-05-79 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff's motion for certification of this court's May 15, 2007 order, granting partial summary judgment in favor of defendants, for interlocutory appeal under 28 U.S.C § 1292(b). For the reasons set forth below, plaintiff's motion is DENIED.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-320(h).

**BACKGROUND**

On November 6, 2000, defendant Placer County Animal Control seized twenty-eight horses, along with a number of other small animals and a filing cabinet, from plaintiff. (Mem. & Order, filed May 15, 2007 ("M&O"), at 6.) The seizure followed a number of interactions between Placer County Animal Control representatives and plaintiff regarding the perceived poor health and treatment of plaintiff's horses. (See M&O at 4-6.) Criminal charges of animal cruelty, perjury, and presenting false evidence in an administrative hearing were filed against plaintiff in criminal proceedings that, in their entirety, lasted from December 5, 2000 to March 15, 2004. (M&O at 9-10.) While the horses were in defendants' possession, four of the horses died of natural causes or were euthanized, and two of the horses were transferred to other parties. (M&O at 11-12.)

Plaintiff filed the complaint in this action on January 13, 2005. (M&O at 16.) The gravamen of plaintiff's claims relate to the seizure of her horses in November of 2000 and the subsequent transfer of two of her horses to other individuals while the horses were in defendant Placer County's custody. On May 15, 2007, the court granted partial summary judgment against plaintiff.

The court dismissed plaintiff's claims for relief brought pursuant to 42 U.S.C. § 1983 relating to the seizure of her property in November 2000. The court found that these claims[2]

---

[2] Relating to the seizure of her property, plaintiff brought a procedural due process claim, an unlawful search and
(continued...)

2

1 are barred by California's statute of limitations for personal
2 injury torts.  (M&O at 15.)  The dismissed claims were premised
3 upon the alleged violation of plaintiff's Fourteenth Amendment
4 procedural due process rights, relating to her failure to receive
5 pre-seizure notice or a hearing before her horses were seized,
6 and violation of her Fourth Amendment rights to be free from
7 unlawful search and seizure.  (See M&O at 15-17.)

8 Plaintiff's claims relating to the transfer of ownership of
9 two of her horses by Placer County survived.  As to this conduct
10 by defendants, plaintiff withstood summary judgment on her claim
11 for violation of her Fourteenth Amendment procedural due process
12 rights brought pursuant to Section 1983, as well as her state law
13 claims for intentional infliction of emotional distress,
14 negligent infliction of emotional distress, and conversion.  (M&O
15 at 38.)

16 Despite failing to raise the argument in opposition to
17 defendants' motion for summary judgment, plaintiff now argues
18 that the statute of limitations for the dismissed Section 1983
19 claims should have been tolled during the pendency of the
20 criminal proceedings, pursuant to California Government Code
21 § 945.3.[3]  Plaintiff contends that by application of the tolling

---

[2](...continued)
seizure claim, and a claim for failure to supervise or train.
(M&O at 17.)

[3] Section 945.3 provides, in pertinent part: "Any applicable statute of limitations for filing and prosecuting [an action against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged] shall be tolled during the period that the charges are pending before a superior
(continued...)

3

provision in Section 945.3, she meets the one-year statute of limitations for these claims. For this reason, plaintiff seeks certification to authorize an interlocutory appeal from the order granting summary judgment pursuant to 28 U.S.C. § 1292(b).

**STANDARD**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. Coopers & Lyband v. Livesay, 437 U.S. 463, 474 (1978); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983); see 28 U.S.C. § 1291. There is, however, an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal for the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon . . . permit an appeal . . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b). The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances. Coopers & Lybrand, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal. First, the issue to be certified must involve a controlling issue of law. An issue is "controlling" if "resolution of the issue on appeal could

---

[3](...continued)
court."

4

materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). Second, there must be substantial ground for difference of opinion on that issue.  A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference;" the proponent of an appeal must make some greater showing. Kern-Tulare Water Dist. v. Bakersfield, 634 F. Supp. 656, 667 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Third, an interlocutory appeal must be likely to materially speed the termination of the litigation.  This factor is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal by the court of appeals on the management of the case. See In re Cement Antitrust Litig., 673 F.2d at 1026.

**ANALYSIS**

Plaintiff argues that "whether the statute of limitations applicable to claims pursuant to 42 U.S.C § 1983 was tolled during the pendency of the related criminal prosecution" is a controlling issue of law for the purposes of certification for interlocutory appeal. (Pl.'s Motion, filed June 8, 2007 ("Mot'n"), 2:14-16.)  Defendants disagree and argue that permitting an interlocutory appeal will not materially advance the ultimate termination of the litigation. (Opp'n, filed June 25, 2007, at 3-4).

The court agrees with defendants that the statute of limitations issue does not present a "controlling issue of law"

because resolution of that issue on appeal will not materially affect the issues that remain to be litigated in this court. Plaintiff's surviving claims concern the transfer of ownership of plaintiff's two horses while in the County's custody. These claims are factually independent of the dismissed Section 1983 claims, which pertain to the initial seizure of plaintiff's property. The sufficiency of process preceding the seizure of plaintiff's property is an independent issue from the alleged mishandling of plaintiff's property *after* it was under the control of Placer County Animal Control. The two issues can therefore be litigated independently. Because the applicability of the tolling provision in Section 945.3 does not have any bearing on the outcome of the remaining claims, it is not a controlling issue of law such that it "materially affect[s] the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026.

Because plaintiff cannot meet her burden as to this initial requirement for interlocutory appeal, her motion is properly denied on this basis alone. However, the court finds that plaintiff also cannot sustain her burden on the other requisite elements.

Plaintiff argues that interlocutory appeal will materially advance the ultimate *determination* of the litigation because, if overturned on appeal, the dismissed Section 1983 claims will require a jury trial. Thus, plaintiff contends the resources of the court and the parties are better utilized on one trial rather than the possibility of two trials. (Mot'n at 4.) However, the applicable requirement is that the appeal must materially advance

6

the *termination* of litigation.  See 28 U.S.C. § 1292(b).  As noted above, plaintiff's dismissed Section 1983 claims are factually independent from the remaining claims, which pertain to the transfer of plaintiff's horses.  For this reason, the extant claims in this case would not need to be retried even if the partial summary judgment is overturned on appeal.  The dismissed Section 1983 claims could be litigated separately at that time. Because the dismissed Section 1983 claims are independent of the claims that remain in this case, plaintiff has not met her burden to show that interlocutory appeal will materially advance the *termination* of this litigation.  See Coopers & Lyband, 437 U.S. at 474-75.

Finally, as to the requirement of substantial ground for difference of opinion on the issue, plaintiff cites Torres v. City of Santa Ana, 108 F.3d 224 (9th Cir. 1997), and Harding v. Galceron, 889 F.2d 906 (9th Cir. 1989), to support her argument that California Government Code § 945.3 operates to toll the limitation period for a Section 1983 claim in a federal district court during the pendency of a related criminal case.  (Mot'n at 3).  While said statute and case law *may* provide some support for tolling the statute of limitations in this case, plaintiff's citation to Section 945.3 and reliance on these cases is, at this juncture, procedurally improper.  In opposition to defendants' motion for summary judgment on the issue of the statute of limitations, "plaintiff [failed to] cite to any legal precedent." (M&O at 16.)  Instead, the entirety of plaintiff's argument in response to defendants' assertion of a statute of limitations defense was as follows:

7

>Plaintiff does not dispute defendants [sic] statement of the statute of limitations in this action. Plaintiff further agrees that federal law determines when a civil rights claim accrues. [Citation omitted.]
>
>As a general rule claims for deprivation of procedural due process rights accrue when plaintiff would have notice of the allegedly wrongful acts being challenged. [Citation omitted.] However, each of the cases cited by defendants address the issue of statute of limitations and the accrual of a due process claim in cases which did not also involve an ongoing criminal prosecution which in this case, would in and of itself give rise to additional issues regarding the process which was due the plaintiff at the time of the alleged wrongdoing by the defendants.
>
>Defendants have presented no facts, or evidence, which definitively support the statement, "Therefore, this claim accrued on November 6, 2000 and the failure to file suit on or before November 7, 2001 bars the claim." [Citation omitted.]

(Pl.'s Opp'n to Defs.' MSJ, filed March 9, 2007, at 12-13). Plaintiff's argument was barely intelligible and clearly did not proffer any legal authority to support application of a tolling provision. It was not incumbent on *the court* to find the law for plaintiff. Summary judgment was thus properly granted in defendants favor on the issue.

Because plaintiff did not raise this argument for application of Section 945.3 to her claims in opposing defendants' motion, she cannot now argue that said statute provides her grounds for interlocutory appeal of the court's order. If plaintiff has a remedy at all, said remedy would lie in a motion for reconsideration, asking this court to consider whether its order dismissing her claims was in "clear error" in light of these authorities. Fed. Rs. Civ. P. 59(e), 60(b); School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). However, while the court cannot

8

preclude plaintiff from bringing such a motion, it does not invite plaintiff to do so.  Based on plaintiff's factual showing on the motion for summary judgment, it is not apparent that she could demonstrate Section 945.3's applicability.  Nevertheless, in assessing whether there is substantial ground for difference of opinion as to the court's determination that plaintiff's claims are barred by the statute of limitations, the court cannot find that plaintiff has met her burden on this element either, as she raises arguments and legal authority now which were never presented to the court in issuing its order.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for certification of the court's May 15, 2007 order, granting partial summary judgment in favor of defendants, for interlocutory appeal is DENIED.

IT IS SO ORDERED.

DATED: July 24, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE