UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JUDI JACKSON,

        Plaintiff,

   v.

PLACER COUNTY, a political subdivision of the State of California, et al.,

        Defendants.

NO. 2:05-cv-0079 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff's motion for reconsideration of the court's May 15, 2007 order granting in part and denying in part defendants' motion for summary judgment (the "Order").[1] Specifically, plaintiff seeks reconsideration of the court's decision dismissing her Fourteenth Amendment procedural due process and failure to train/supervise claims and Fourth Amendment unlawful search and seizure claim based on the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-320(h).

statute of limitations.  (Order at 15-17.)  Despite failing to raise the argument in opposition to defendants' motion for summary judgment, plaintiff now contends that the statute of limitations for these dismissed claims should have been tolled during the pendency of the related criminal proceedings against her, pursuant to California Government Code section 945.3.[2] Plaintiff argues that by application of the tolling provision in Section 945.3,[3] she meets the one-year statute of limitations for these claims.

To prevail on a motion for reconsideration, the moving party must show: (1) the availability of new evidence; (2) a clear error of law resulting in manifest injustice; or (3) an

---

[2] Plaintiff raised this argument for the first time in moving for an interlocutory appeal of the court's Order.  The court denied plaintiff's motion for such an appeal on July 24, 2007.  In that order, the court noted that the appropriate procedural motion to raise plaintiff's argument regarding the statute of limitations was via a motion for reconsideration, not a motion for interlocutory appeal. (Order, filed July 24, 2007, 7-9.)  However, the court cautioned plaintiff that "while the court cannot preclude plaintiff from bringing such a motion [for reconsideration], it does not invite plaintiff to do so.  Based on plaintiff's factual showing on the motion for summary judgment, it is not apparent that she could demonstrate Section 945.3's applicability."  (Id. at 8:28-9:4.)
Notwithstanding the court's warning, plaintiff now brings a motion for reconsideration; while the instant motion appears at times to be directed to the court's May 15, 2007 summary judgment order, the motion also discusses application of the requirements for interlocutory appeal, as if the motion seeks reconsideration of the court's latter July 24 order denying appeal.  The instant motion is properly directed to the court's May 15 Order, and as such, the court considers the motion only as directed to that order.

[3] Section 945.3 provides, in pertinent part: "Any applicable statute of limitations for filing and prosecuting [an action against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged] shall be tolled during the period that the charges are pending before a superior court."

2

intervening change in the controlling law.  See <u>School District No. 1J, Multnomah County, Oregon v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  In the absence of new evidence or a change in the law, as is the case here, a party may not use a motion for reconsideration to present new arguments or claims not raised in a summary judgment motion.  <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999); <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (recognizing that a motion for reconsideration may not be used to raise arguments that could have reasonably been raised earlier in the litigation).

In opposing defendants' motion for summary judgment on the issue of the statute of limitations, "plaintiff [failed to] cite to any legal precedent."  (Order at 16:17.)  Instead, *the entirety* of plaintiff's argument in response to defendants' assertion of a statute of limitations defense was as follows:

> Plaintiff does not dispute defendants [sic] statement of the statute of limitations in this action. Plaintiff further agrees that federal law determines when a civil rights claim accrues.  [Citation omitted.]
>
> As a general rule claims for deprivation of procedural due process rights accrue when plaintiff would have notice of the allegedly wrongful acts being challenged. [Citation omitted.] However, each of the cases cited by defendants address the issue of statute of limitations and the accrual of a due process claim in cases which did not also involve an ongoing criminal prosecution which in this case, would in and of itself give rise to additional issues regarding the process which was due the plaintiff at the time of the alleged wrongdoing by the defendants.
>
> Defendants have presented no facts, or evidence, which definitively support the statement, "Therefore, this claim accrued on November 6, 2000 and the failure to file suit on or before November 7, 2001 bars the claim." [Citation omitted.]

3

(Pl.'s Opp'n to Defs.' MSJ, filed March 9, 2007, at 12-13). Plaintiff's argument (such as it is) does not proffer any legal authority to support application of a tolling provision. Indeed, plaintiff made no mention whatsoever of Section 945.3 nor any of the cases she seeks to rely upon only now (*i.e.,* Torres v. City of Santa Ana, 108 F.3d 224 (9th Cir. 1997); Harding v. Galceron, 889 F.2d 906 (9th Cir. 1989); Harned v. Landahl, 88 F. Supp. 2d 1118 (E.D. Cal. 2000)). In ruling on defendants' motion, it was not incumbent on the court to find the law for plaintiff, and plaintiff offers no reason why she could not have raised her tolling argument previously. While this statute and case law *may* support plaintiff's present argument for application of tolling, at this juncture in the case the court declines to consider plaintiff's belated argument.[4] Accord 389 Orange Street Partners, 179 F.3d at 665 (holding that the defendant's argument that the cross-claims should have been redesignated as affirmative defenses in his motion for reconsideration was "simply too little, too late").

Reconsideration is granted only in exceptional circumstances, and here, where plaintiff offers no explanation for the failure to raise her arguments earlier in response to defendants' motion for summary judgment, there are no "highly unusual circumstances" justifying reconsideration. School District No. 1J, Multnomah County, Oregon, 5 F.3d at 1263.

---

[4] Discovery in this matter closed in January 2007, and the dispositive motion deadline has long since passed (in March 2007). (Sch. Order, filed Aug. 18, 2005.) Indeed, this nearly three year old case is set for final pretrial conference on November 11, 2007.

4

Moreover, the court notes that even were it to reconsider its Order and permit plaintiff to assert application of Section 945.3's tolling provision, plaintiff has wholly failed on the instant motion to demonstrate its applicability.  Plaintiff simply argues because the criminal charges against her were pending from December 15, 2000 (the date the felony complaint against her was filed) to March 15, 2004 (the date she pled no contest to two misdemeanors), her federal complaint filed January 13, 2005 was timely filed within one year from the date her claims accrued (November 6, 2000).  (Mem. of P. & A., filed Aug. 3, 2007, 5:9-18.)  However, even assuming said dates are correct, plaintiff fails to describe how the evidence she proffered on the motion for summary judgment demonstrated that the subject constitutional claims *related* to her criminal charges *and* any particular named defendant.  Cal. Gov't Code § 945.3 (permitting tolling of the statute of limitations for a claim against a peace officer or the public entity employing a peace officer based upon conduct of *the peace officer relating to the offense for which the accused is charged*).  Absent this showing, plaintiff cannot demonstrate entitlement to tolling of the statute of limitations. Thus, even were the court to consider the merits of plaintiff's argument, it would find that plaintiff has not demonstrated Section 945.3's applicability.

///
///
///
///
///

1    Accordingly, plaintiff's motion for reconsideration of the
2 court's May 15, 2007 Order is DENIED.
3    IT IS SO ORDERED.
4 DATED: September 24, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE